IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YUNIOR RODRIGUEZ, on behalf of himself and on behalf of all persons Similarly situated known and unknown, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| BAU OF ILLINOIS, INC. d/b/a BLUEBERRY HILL BREAKFAST CAFE, O.T.M. RESTAURANT, INC. d/b/a BLUEBERRY HILL BREAKFAST CAFE, D.S.B. RESTAURANTS, INC. d/b/a BLUEBERRY HILL BREAKFAST CAFE, L.T.D. RESTAURANT, INC. d/b/a BLUEBERRY HILL BREAKFAST CAFE, K.O.W. RESTAURANTS, INC. BLUEBERRY HILL BREAKFAST CAFE, M.I.H. RESTAURANT GROUP, INC. d/b/a BLUEBERRY HILL BREAKFAST CAFE, C.I.K. RESTAURANT, INC. d/b/a BLUEBERRY HILL BREAKFAST CAFE, D.I.R. RESTAURANT, INC. d/b/a BLUEBERRY HILL BREAKFAST CAFE, STEVENN ZERVAKIS, individually, and GEORGE NIKOLOPOULOS, individually | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **COMPLAINT**

Plaintiff, Yunior Rodriguez, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Bau of Illinois, Inc. d/b/a Blueberry Hill Breakfast Café; O.T.M. Restaurant, Inc. d/b/a Blueberry Hill Breakfast Café; D.S.B. Restaurants, Inc. d/b/a Blueberry Hill Breakfast Café; L.T.D. Restaurant, Inc. d/b/a Blueberry Hill Breakfast Café; K.O.W. Restaurants, Inc. d/b/a Blueberry Hill Breakfast Café; M.I.H. Restaurant Group, Inc. d/b/a Blueberry Hill Breakfast Café; C.I.K. Restaurant, Inc. d/b/a Blueberry Hill Breakfast Café; D.I.R. Restaurant, Inc. d/b/a Blueberry Hill

1

Breakfast Café; Steven Zervakis, individually; and George Nikolopoulos, individually (herein "Defendants"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff and similarly situated persons. (A copy of Plaintiff's consent form to act as representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.)

2. Defendants had a policy and practice of not paying Plaintiff and similarly situated individuals overtime wages.

3. Defendants paid Plaintiff in cash in order to hide the failure to pay overtime. Other similarly situated employees were paid in both cash and check.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

6. Plaintiff Yunior Rodriguez resides and is domiciled in this judicial district.

7. Plaintiff Yunior Rodriguez is a former employee of Defendants.

8. Plaintiff Yunior Rodriguez worked in the kitchen at two of Defendants' restaurants.

9. Plaintiff Yunior Rodriguez handled materials such as spatulas, dishes, and ovens that were

not manufactured in the state of Illinois.

10. Plaintiff Yunior Rodriguez handled materials such as eggs, bacon, and cheese that were not manufactured or produced in the state of Illinois.

11. During the course of his employment, Plaintiff Yunior Rodriguez handled goods and materials that moved in interstate commerce and performed non-exempt work.

12. Defendants Bau of Illinois, Inc.; O.T.M. Restaurant, Inc.; D.S.B. Restaurants, Inc.; L.T.D. Restaurant, Inc.; K.O.W. Restaurants, Inc.; M.I.H. Restaurant Group, Inc.; C.I.K. Restaurant, Inc.; D.I.R. Restaurant, Inc. all do business under the name Blueberry Hill Cafe (hereinafter "Blueberry Hill") and do business within this judicial district.

13. Blueberry Hill is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

14. Upon information and belief, during the last three years Blueberry Hill's annual gross volume of sales made or business done has exceeded $500,000.00 exclusive of excise taxes.

15. Blueberry Hill was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

16. Upon information and belief, Defendant Steven Zervakis is the Corporate President of Bau of Illinois, Inc.; L.T.D. Restaurant, Inc.; K.O.W. Restaurants, Inc.; C.I.K. Restaurant, Inc.; and D.I.R. Restaurant, Inc.

17. Upon information and belief, Defendant Steven Zervakis is the Corporate Secretary of O.T.M. Restaurant, Inc. and D.S.B. Restaurants, Inc.

18. Upon information and belief, Defendant George Nikolopoulos is the corporate President O.T.M. Restaurant, Inc.; D.S.B. Restaurants, Inc.; and M.I.H. Restaurant Group, Inc.

19. Upon information and belief, Defendant George Nikolopoulos is the Corporate Secretary of L.T.D. Restaurant, Inc. and M.I.H. Restaurant Group, Inc.

20. Upon information and belief, Defendant George Nikolopoulos is the Corporate Vice President of D.I.R. Restaurant, Inc.

21. Defendants Steven Zervakis and George Nikolopoulos are involved in the day-to-day business operations of all Blueberry Hill locations. Among other things, Defendants Zervakis and Nikolopoulos have the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

22. Defendants Zervakis and Nikolopoulos were Plaintiff's employers as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

23. Defendant operates restaurants located in Aurora, Illinois; Darien, Illinois; Homer Glen, Illinois; Oakbrook, Illinois; Plainfield, Illinois; Midlothian, Illinois; LaGrange, Illinois; and Tinley Park, Illinois under the name Blueberry Hill Breakfast Cafe.

24. The restaurants identified above operate as a unified operation and a common enterprise with a common business purpose.

25. The restaurants share food, supplies, and employees.

26. The restaurants advertise jointly and maintain a website www.blueberrybreakfastcafe.com.

27. Plaintiff Yunior Rodriguez was employed by Defendant from December 6, 2017 through May 6, 2018.

4

28. Plaintiff Rodriguez was required to work more than 40 hours per week in certain workweeks, but was not paid the premium rate of one- and one-half times his regular rate for all hours worked over 40.

29. Plaintiff regularly worked 6 days per week. Plaintiff typically worked from 6:00 a.m. to 3 p.m.

30. All hours worked by Plaintiff in a workweek were paid at his regular rate of $13.00 per hour.

31. Plaintiff handled spatulas, dishes, ovens, eggs, bacon, and cheese that were not manufactured or produced in the state of Illinois while working as a cook for Defendants and the use of these material subjects Defendants to enterprise coverage under the FLSA.

32. Defendants had a practice of paying Plaintiff Rodriguez's wages in cash.

33. During the three years prior to the filing of this lawsuit, Plaintiff and similarly situated employees routinely worked in excess of forty (40) hours per week as part of their regular job duties.

34. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff and similarly situated employees overtime compensation as required by the FLSA and IMWL.

35. Defendants have employed and continue to employ other individuals as kitchen staff who performed and continue to perform the same or similar job duties under the same pay provisions as Plaintiff.

36. Plaintiff and similarly situated kitchen staff were all assigned to work in Defendants' kitchen and performed the same or similar job duties as one another in that they prepared and cooked food for Defendants' customers.

37. Further, Plaintiff and similarly situated were subjected to the same pay provisions in that they were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a

workweek. Thus, the similarly situated class members are owed overtime wages for the same reasons as Plaintiff.

38. This policy or practice of not paying overtime was applicable to Plaintiff and similarly situated class members. Application of this policy or practice does/ did not depend on the personal circumstances of Plaintiff or those joining the lawsuit. Rather, the same policy or practice which resulted in non-payment of overtime to Plaintiff applied and continues to apply to all class members.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
**(Plaintiff on behalf of herself and on behalf of similarly situated employees)**

Plaintiff incorporates and realleges paragraphs 1 through 38 as though set forth herein.

39. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and similarly situated individuals.

40. Plaintiff worked for Defendants and he was their "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

41. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

42. During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

43. Plaintiff and similarly situated employees were directed by Defendants to work, and did work, in excess of 40 hours per week.

44. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and similarly situated class members worked in excess of 40 hours they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

45. Defendants failed to compensate Plaintiff and similarly situated class members at a rate of

6

one and one-half times their regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

46. Defendants' failure to pay Plaintiffs and similarly situated individuals overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

47. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

48. Plaintiff and similarly situated individuals are entitled to recover overtime wages for three years prior to the filing of this suit because of Defendants' failure to pay overtime wages for all hours worked above 40 in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. That this Court determine that this case may be maintained as a collective action under the FLSA;

B. A judgment in the amount of one and one-half times for all time Plaintiffs and similarly situated worked in excess of 40 hours per week;

C. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

D. Reasonable attorney fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
**Violation of the Illinois Minimum Wage Law - Overtime Wages**

Plaintiff incorporates and realleges paragraphs 1 through 48 as though set forth herein.

49. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

50. The matters set forth in this Count arise from Defendants' violation of the overtime

7

compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

51. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

52. During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

53. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

54. Defendants failed to pay Plaintiff one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

55. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of 40 hours per week.

56. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of one and half times for all time which Plaintiff worked in excess of 40 hours per week;

    B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C. Reasonable attorney fees and costs incurred in filing this action; and

    D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: October 24, 2018			**YUNIOR RODRIGUEZ**


						By: _/s/Carlos G. Becerra_
						   One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com